[No. 16994–7–I.   Division One.   January 14, 1987.]

CHERYL HUNTER, *Appellant,* v. SEATTLE SCHOOL
DISTRICT No. 1, *Respondent.*

524

*Howard C. Powers,* for appellant.

*Sharon Howard,* for respondent.

COLEMAN, J.—Cheryl Hunter appeals a summary judgment order dismissing her claim for tuition reimbursement. We affirm.

Tyrone (Tye) Hunter was born September 29, 1967. He began displaying signs of aggressive disruptive behavior in the fourth grade. His fourth grade teacher in the Seattle School District suggested psychological help. To avoid having such information on his school records, his parents decided to seek help outside of the school district. The following school year they enrolled Tye in Crista School, a private school. He was enrolled there from September 1978 to December 1981. In March 1981, he moved into his grandparents' home in Edmonds. After he was expelled from the Crista School in December 1981, he attended several Edmonds schools. In March 1982, his grandparents felt they could no longer control him and sent Tye to live with his father in Federal Way. On May 12, 1982, the Federal Way School District expelled Tye for 3 days and recommended that Mrs. Hunter, who lived in Seattle, contact the Seattle School District for assistance. On May 15, 1982,

Mrs. Hunter enrolled Tye in the Provo Canyon School (Provo) in Provo, Utah.

On May 26, 1982, Tye's grandmother contacted the Seattle School District to inquire if the District could help with the costs associated with his school enrollment. She was told that the District would have to do a "complete work–up" to find out what could be done. Forms to be completed and returned by Mrs. Hunter and brochures discussing the District's special education program and parents' rights in the assessment process were sent to Mrs. Hunter. Information was requested from Provo and Children's Orthopedic Hospital. The case was assigned to a Seattle School District psychologist. During the summer of 1982, the District's psychologist had several phone conversations with Tye's grandmother. In those conversations, he pointed out the incompleteness of the assessment picture and suggested that it was essential for the District to make its own assessment. He also discussed services currently available through the Seattle Public School's special education program. The information requested from Provo was received by the District on September 29, 1982. The Children's Orthopedic Hospital information did not arrive until February 1983.

On October 8, 1982, the District psychologist wrote Mrs. Hunter advising her that, based on information from Provo, he could not find Tye eligible for special education but that the Seattle School District would evaluate Tye's needs should he return to the Seattle area. On January 3, 1983, Mrs. Hunter sent a hearing request to the District.

On March 2, 1983, a due process hearing was held. A written decision granting an award of tuition for the 1982–83 school year was filed on March 10, 1983. The District appealed to the Office of the Superintendent of Public Instruction (OSPI). On August 10, 1983, the OSPI administrative review officer held that the hearing officer erred in ordering tuition reimbursement, reasoning that only the court has authority to promulgate such an order. Further, he ordered that the Seattle School District, within 30 days

of Tye's return to the District, shall assess Tye for special education eligibility.

On September 7, 1983, appellant filed a complaint for judicial review and declaratory relief in King County Superior Court. The District moved for dismissal. Appellant filed a motion for partial summary judgment to estop the District from denying Tye's residence in the district. On January 25, 1985, the court granted defendant's motion for summary judgment and issued an order dismissing the cause with prejudice. Appellant then filed a notice of appeal to the Supreme Court. The appeal was transferred to this court.

Appellant assigns error to the trial court's granting of respondent's motion for summary judgment dismissing her claim and to the trial court's denial of her motion for summary judgment that the District be estopped from denying Seattle School District residency of her child.

The controlling issue in this case is: Must a school district reimburse a parent for the cost of tuition expended on a child when the parent, without informing the school district, unilaterally places the child in a private school, located out of state, before the school district has had the opportunity to assess the child's educational needs and make a placement recommendation? We answer this question in the negative.

██ Citing *School Comm. v. Department of Educ.*, 471 U.S. 359, 85 L. Ed. 2d 385, 105 S. Ct. 1996 (1985), appellant contends that respondent must reimburse her for the cost of placing her minor child in a special education program in a private school. The issue decided in *School Comm.* was whether school authorities must reimburse parents for their expenditures on private special education for a child if the court ultimately determines that such placement, rather than a placement proposed by the school district, is proper under the Education for all Handicapped Children Act (EAHCA).[1] The Court held that the EAHCA authorizes

---

[1] 20 U.S.C. § 1401 *et seq.*

such reimbursement. The facts of *School Comm.,* however, differ significantly from the instant case. In *School Comm.,* the parents and District disagreed as to which school was appropriate for the child. The hearing process was begun in the summer of 1979, but not concluded until 1982. *School Comm.,* at 363–65. In the meantime, the parents placed the child in the school they felt was appropriate. The Court ultimately held the parents' placement was the appropriate placement and authorized reimbursement for their expenses during the pending appeal. In the present case, the Seattle School District has never proposed a placement for Tye Hunter. He was placed in the private school *before* his mother contacted the District and asked for District assistance. There was no dispute between the District and appellant as to the appropriate placement of Tye Hunter. Unlike the child in *School Comm.,* Tye Hunter was unknown to the District and had not been evaluated by the District when he was placed in the private school. Thus, while reimbursement is authorized under the EAHCA, the case at bar does not meet the *School Comm.* criteria.

Appellant also cites *Blomstrom v. Massachusetts Dep't of Educ.,* 532 F. Supp. 707 (D. Mass. 1982) and *Matthews v. Ambach,* 552 F. Supp. 1273 (W.D.N.Y. 1982), two cases in which partial reimbursement was granted based on equitable considerations. In both cases the District assessed the child but refused to make a specific placement proposal. The parent placed the child in a private school and appealed, seeking reimbursement. *Blomstrom,* at 709; *Matthews,* at 1275.

These cases share the common fact of a District assessment met by parental disagreement. This is an essential element in the right to reimbursement under the EAHCA. The Third Circuit set forth the basis of that right to reimbursement.

> The EAHCA provides a comprehensive scheme for furnishing a free appropriate public education to handicapped children, and commits to medical and educational professionals employed by the state the responsibility for

setting forth an individualized program for each child. In addition, the EAHCA sets forth procedures whereby parents may monitor the state and local determinations and protest them if they think the determinations are erroneous. Indeed, *the EAHCA allows parents who disagree with their child's placement to place the child elsewhere and receive reimbursement in the event that the proposed placement was inappropriate. See Burlington School Committee v. Dept. of Education,* [471] U.S. [359], 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985). However, that right to reimbursement exists only when the proposed placement was indeed inappropriate as measured by the standards set forth by the EAHCA and accompanying state and federal regulations.

(Italics ours.) *Wexler v. Westfield Bd. of Educ.,* 784 F.2d 176, 184 (3d Cir.), *cert. denied,* ___ U.S. ___, 93 L. Ed. 2d 49, 107 S. Ct. 99 (1986). In the instant case, Tye was never assessed by the District. The District was unable to propose a placement for Tye from information it could acquire. Therefore, appellant is not entitled to reimbursement for tuition expenses under the EAHCA.

Appellant further argues that the trial court erred in denying her motion for summary judgment estopping the District from claiming that Tye was not a resident. We need not reach the issue of whether Tye was a resident of the district for the purposes of reimbursement under the EAHCA. Even if he had been a resident, appellant would not have been entitled to reimbursement for the reasons already discussed.

■ In arguing for her summary judgment motion, appellant further seeks to estop the District from denying an obligation to provide services to her son. Appellant, however, has not established the elements of equitable estoppel:

Three elements must be present to create an estoppel: (1) an admission, statement, or act inconsistent with the claim afterwards asserted, (2) action by the other party on the faith of such admission, statement, or act, and (3) injury to such other party resulting from allowing the

first party to contradict or repudiate such admission, statement, or act.

*Harbor Air Serv., Inc. v. Board of Tax Appeals,* 88 Wn.2d 359, 366–67, 560 P.2d 1145 (1977). Appellant's argument fails because the District never stated that it would provide services for appellant's child; it merely requested information and attempted to provide an educational assessment. Moreover, the respondent consistently stated that it was essential for the child to be present in the district for the District to provide an assessment and services.

> If Tye were to return to Seattle, we likely could proceed to evaluate his needs and eligibility. We serve students with particular needs in a specialized day treatment program at this time, as well as providing programs in a number of "alternative schools" in our district.

Exhibit 9, October 8, 1982 letter to appellant from respondent.

> [Direct examination of District psychologist]
> Q. Let me ask you, Mr. Cavenee, with respect to what you now know from the information you received from Provo Canyon and the information you received from Children's Hospital and the more recent and complete information you received as a result of hearing from Mrs. Hunter, do you have reason to believe or can you form any opinion as to whether it is likely that Ty[e], if a current and recent full assessment were to be completed, may or may not be eligible for special education?
> A. I would say that he likely would qualify given a complete assessment. Everything I have seen indicates there are some significant and interfering problems.
> Q. Let me ask you this: What would you have to do to make such an assessment?
> A. At an absolute minimum, an interview and observation by myself or similarly qualified District person with Tyrone.

Finally, appellant did not act on the basis of any admission or statement by the District. Appellant had enrolled her child in Provo before she even called the District. There is no material issue of fact on the issue of estoppel.

Appellant's unilateral placement of her child in a private

school before the District had an opportunity to assess his needs and propose a placement precludes recovery of her expenses under any theory appellant has advanced in this appeal.

Judgment affirmed.

WILLIAMS and WEBSTER, JJ., concur.